UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KAREN PIZZO**

  **Plaintiff,**

v.

**POLLACK & ROSEN, P.A.,**

  **Defendant.**

_____/

CASE NO.:

8:16 cv 776 T 17 MAP

# COMPLAINT

Plaintiff, Karen Pizzo, by and through her undersigned counsel, sues Pollack & Rosen, P.A., and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"); Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"); and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal FDCPA, 15 U.S.C. § 1692 *et seq.* and the TCPA, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a *substantial* part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

1



4. Venue is proper in this district because the Plaintiff suffered the injury in Hillsborough County, Florida.

## PARTIES

5. Plaintiff Karen Pizzo ("Ms. Pizzo" or "Plaintiff") is a natural person who resides in Hillsborough County, Florida. Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2). Plaintiff is also a person as that term is used in 47 U.S.C. § 227.

6. Defendant, Pollack & Rosen, P.A. (P & R) is a Florida professional association, doing business in the State of Florida, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6); and a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227.

7. Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

8. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

9. Defendant, P & R, claims that Plaintiff, Ms. Pizzo, owed a debt (the "Alleged Debt") to P & R. The Alleged Debt has been at issue at all times relevant to this Complaint and the factual allegations set forth below.

10. On March 24, 2014, Ms. Pizzo filed for bankruptcy, and listed the Alleged Debt under Schedule F of her bankruptcy schedules with an account number ending in 5206 for $45,537.75. See bankruptcy case number 8:14-bk-3174.

11. After the bankruptcy discharge, Defendant began a collection campaign against Ms. Pizzo to collect the Alleged Debt.

12. Ms. Pizzo informed Defendant's representative about the bankruptcy and told the representative that she would not make any payments on the Debt. She also instructed Defendant to stop calling her cell phone.

13. Nevertheless, Defendant continued to repeatedly call Ms. Pizzo's cell phone in effort to collect the Alleged Debt. Defendant placed the calls by using an automated telephone dialing system without Ms. Pizzo's express consent.

14. During one such phone call with the Plaintiff, Defendant's representative threatened to file a lawsuit against Plaintiff although Defendant had knowledge that the statute of limitations would bar any lawsuit to collect the Alleged Debt.

15. All calls made by Defendant were made by an automated telephone dialing system and were made to the Plaintiff's cell phone without her consent. This was evidenced when Plaintiff would answer and hear either an automated voice or there would be a click, beep, or delay before an operator was connected to the Plaintiff.

16.     As detailed below, Defendant's conduct constitutes a violation of the FCCPA, FDCPA, and the TCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT P & R

17.     This is an action against Defendant, P & R, for violation of Fla. Stat. § 559.55 *et seq.*

18.     Plaintiff re-alleges and incorporates paragraphs 1 through 16, as fully set forth herein.

19.     Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

20.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

21.     Through its conduct, described above, Defendant directly and through its agents violated the above sections of the FCCPA.

22.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

23. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

24. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

25. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against P & R, finding that P & R violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

### VIOLATION OF THE FDCPA BY DEFENDANT P & R

26. This is an action against P & R for violation of 15 U.S.C. § 1692 *et seq*.

27. Plaintiff re-alleges and incorporates paragraphs 1 through 16, as fully set forth herein.

28. Through the conduct described above, P & R violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### 15 U.S.C. § 1692f

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

29. As a result of P & R's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

30. All conditions precedent to this action have occurred, have been satisfied or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that P & R has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT III

## VIOLATION OF THE TCPA BY P & R

31. This is an action against P & R for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

32. Plaintiff re-alleges and reincorporates paragraphs 1 through 16, as if fully set forth here-in.

33. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

34. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

35. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

36. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

37. All conditions precedent to this action have occurred, have been satisfied or have been waived.

38. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

39. Based upon the willful, knowingly, and intentional conduct of P & R as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: ~~March 31, 2016~~ 4/1/16

Respectfully Submitted,
**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:     (813) 336-0832

_____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION
## BY PLAINTIFF, KAREN PIZZO

I, Karen Pizzo, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____                   Date  3/18/16
Karen Pizzo